UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MENDOZA-GRADO,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN MATEO COUNTY,<br><br>    Defendant. | Case No. 24-cv-09227-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

Self-represented Plaintiff Victor Mendoza-Grado asserts a claim under 42 U.S.C. § 1983 for violation of his rights under the 14th Amendment to equal protection and due process and a state law claim for malicious prosecution against San Mateo County. The County moves to dismiss Mendoza-Grado's complaint. Because the motion was fully briefed and suitable for disposition on the papers pursuant to Civil Local Rule 7-1(b), the Court vacated the hearing on the motion on June 4, 2025. Having considered the papers filed by the parties, and the relevant legal authority, the Court **GRANTS** the motion for the reasons set forth below.

I.  **BACKGROUND**

    A.  **Factual Background**[1]

Mendoza-Grado alleges that he was attacked by two off-leash dogs in his apartment complex's recreational area on April 18, 2021. Complaint ("Compl.") (ECF 1) ¶ 6. He had to fend off the attacking dogs with a towel and was met with profanity and a death threat from

---

[1] This factual background is based on the well-pleaded allegations in the complaint, which are taken as true and viewed in the light most favorable to Mendoza-Grado for the purpose of the instant motion. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

individuals in the vicinity when he used force to make the dogs retreat. *Id.* ¶¶ 7-10. At some point, police from the Foster City Police Department arrived on scene, and the responding officer handcuffed Mendoza-Grado, without hearing his side of the story, after the dog's owners accused him of threatening them with a knife. *Id.* ¶¶ 14-17. Mendoza-Grado alleges that the responding officer, who the complaint calls Riles, assured Mendoza-Grado that there was no evidence against him, but Mendoza-Grado believes he was arrested because there "was some affinity with the accuser . . . the accuser and his two sisters and the officer were from the same blonde phenotype." *Id.* ¶ 19. According to Mendoza-Grado, a detective later assigned to the case "did not seem to give importance to [it]." *Id.* ¶ 21.

Mendoza-Grado also alleges that his court-appointed attorney, Jeff B. Hayden, failed to effectively communicate with him, by not returning his calls or responding to notes Mendoza-Grado mailed to Hayden's address. *Id.* ¶ 23. Mendoza-Grado asserts that Hayden "pushed [Mendoza-Grado] to take the plea deal" for the charges pertaining to the incident with the dog owners in 2021. *Id.* ¶ 24. He alleges that Foster City police officer Riles made him feel racially profiled, "with no civil rights at all," that the process generally deprived him of his right to due process and equal protection under the 14th Amendment, and that Hayden, Riles, the detective assigned to the case, and other officers at the facility where he was initially detained treated him "as [though he] did not have civil rights." *Id.* at 5, 6. He alleges that Riles wanted him "to be prosecuted from the start, one way or another." *Id.* at 6. He alleges that Riles, Hayden and the detective assigned to the case are "members of the county court system" who "contributed to a very false police report becoming a malicious prosecution legal case." *Id.* at 6. Mendoza-Grado alleges that Hayden kept him out of the loop and did not take his side, "elevat[ing] the accuser to a veritable victim and embolden[ing] him to continue his vindictive malicious prosecution." *Id.* at 6.

Based on these allegations, Mendoza-Grado brings a § 1983 claim for violation of his right to due process and equal protection under the 14th Amendment and a state law claim for malicious

2

1  prosecution. *Id.* at 5.[2] *Id.* He seeks $1.44 million in compensatory damages for losing his job and
2  other opportunities that became unavailable due to his record, which "essentially represent[ed] the
3  death of [his] dynamic professional career." *Id.* at 7-8. Mendoza-Grado seeks an additional $1.44
4  million in punitive damages for emotional trauma and anxiety. *Id.* at 8.

### B. Procedural Background

Mendoza-Grado filed his complaint in this action on December 19, 2024. Compl. The County initially moved to dismiss the complaint on April 9, 2025. Motion to Dismiss (ECF 17). It filed a corrected motion to dismiss on April 14, 2025. Corrected Motion to Dismiss (ECF 21). Mendoza-Grado filed his opposition to the motion on April 28, 2025. Opposition to Motion to Dismiss (ECF 22). The County's reply followed on May 2, 2025. Reply in Support of Motion to Dismiss (ECF 23).

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint " 'must . . . suggest that the claim has at least a plausible chance of success.' " *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (alterations in original)). In ruling on a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031.

"[A]llegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."

---

[2] The Court liberally construes Mendoza-Grado's allegations as bringing the malicious prosecution claim under California law because he refers to VF-1500 in his complaint, which corresponds to a California Civil jury instruction for malicious prosecution. *See* Compl. at 6; Judicial Council of California Civil Jury Instructions (2025 edition), CACI No. VF-1500.

United States District Court
Northern District of California

*Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citing *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008)). "[T]he non-conclusory 'factual content' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Complaints filed by unrepresented litigants should be liberally construed in their favor and leave to amend should be granted unless it is clear the defect cannot be corrected. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

### III. DISCUSSION

#### A. Section 1983 Claim

A claim § 1983 requires that a "person" acting "under color of" state law deprived another of their rights under the United States Constitution. *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 175 (2023). Local governments, including counties, are persons for purposes of § 1983 claim. *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 690 (1978). But a local government "may not be sued under [Section] 1983 for an injury inflicted solely by its employees or agents." *Id.* at 694. Instead, a plaintiff may establish municipal liability in one of three ways: (1) the "employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity[;]" (2) "the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy[;]" or (3) "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (internal quotations and citations omitted). A suit relying on "isolated or sporadic incidents" is insufficient to make a showing of improper custom. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citation omitted).

Applying these standards here, the allegations in Mendoza-Grado's complaint are

insufficient to state a claim against the County.[3] Mendoza-Grado alleges that the individuals who committed these wrongs were an unnamed detective, Foster City police officer Riles, and court-appointed attorney Hayden. Compl. at 6. Mendoza-Grado calls these individuals a "group" of the "county court system" who treated him like he had no civil rights, allowing the "unjust case" against him to spiral "out of control." *Id*. at 6. Mendoza-Grado's conclusory allegation that these individuals are part of the "county court system" appears to be the only connection implicating the County. *Id.* at 6. This allegation, even if taken to be true and viewed in the light most favorable to Mendoza-Grado, is insufficient to state a claim against the County under *Monell*. Mendoza-Grado fails to plead facts plausibly suggesting that the individuals who allegedly violated his rights were acting pursuant to official policy or a widespread custom of the County, were officials with policy-making authority, or that an official with policy-making authority ratified a subordinate's unconstitutional decision. *See Valdez v. Naderi*, No. 24-cv-01087, 2024 WL 4309276, at *5-6 (N.D. Cal. 2024) (finding *Monell* allegations "completely threadbare and conclusory" where the complaint "d[id] not contain specific factual allegations supporting the existence of a policy, custom, or practice beyond Plaintiff's own experience").

To the contrary, Mendoza-Grado's complaint appears to suggest that the individuals were not following policy. He alleges that "the detective skipped every procedure," that Hayden "behaved totally unprofessional[ly]," and that Riles was "unprepared" and "seemed to let the accusing group manipulate him easily." Compl. at 6. Without more facts, the allegations in Mendoza-Grado's complaint, even if they could be linked to the County, are not sufficient to establish *Monell* liability. *See Lee v. City of San Jose*, 701 F. Supp. 3d 935, 938 (N.D. Cal. 2023) (dismissing *Monell* claim with prejudice that was based on a single arrest). Accordingly, the County's motion to dismiss the § 1983 claim is **GRANTED**. Because Mendoza-Grado may be able to cure the deficiencies discussed above by alleging additional facts against the proper parties,

---

[3] The Court notes that Mendoza-Grado proffers additional facts in his opposition to the County's motion to dismiss. Opp. at 3-5. The Court has not considered those additional facts here, as the analysis the Court must conduct under Rule 12(b)(6) is limited to the allegations in the operative complaint. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) ("Review is limited to the complaint; evidence outside the pleadings . . . cannot normally be considered in deciding a 12(b)(6) motion.") (internal quotations and citation omitted).

and because Mendoza-Grado requests leave to name the Foster City Police Department[4] as a defendant, the § 1983 claim is **DISMISSED LEAVE TO AMEND**.

### B. Malicious Prosecution Claim

"In order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 341 (2004) (internal quotations, citations, and modifications omitted). Favorable termination "requires a plaintiff to show more than a mere dismissal of the underlying action; he or she must show facts establishing his or her innocence." *Fetters v. Cnty. of Los Angeles*, 243 Cal. App. 4th 825, 844 (2016).

Mendoza-Grado cannot allege such facts here. He signed a plea deal for the charge relating to the dog incident in 2021 and completed court-ordered probation after which the case dismissed under California Penal Code § 1203.4.[5] Compl. at 6, 8-9. However, "mere dismissal of

---

[4] The Court notes that the headings for Mendoza-Grado's causes of action state "Name the defendants who violated it: San Mateo County/Foster City Police Department." Compl. at 5-6. Leave to amend is thus appropriate for the additional reason that Mendoza-Grado seems to have inadvertently failed to properly name the Foster City Police Department as a defendant in the case caption. *See Marcus v. United States Dept. of Veteran Affairs*, No. 20-cv-03110, 2020 WL 6899607, at *3 (C.D. Cal. Nov. 24, 2020) (permitting amendment when the facts alleged unambiguously showed the plaintiff intended to sue the United States, not the United States Department of Veteran Affairs, even though the United States was absent from the caption).

[5] Section 1203.4(a)(1) provides:

> When a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interest of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if they are not then serving a sentence for an offense, on probation for an offense, or charged with the commission of an offense, be permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if they have been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, the defendant shall thereafter be released from all penalties and disabilities resulting from the

6

the underlying action" is not enough. *Fetters*, 243 Cal. App. 4th at 844. The plaintiff must "show facts establishing his or her innocence." *Id.* "[A] dismissal under section 1203.4 . . . is in no way equivalent to a finding of factual innocence." *Baranchik v. Fizulich*, 10 Cal. App. 5th 1210, 1225 (2017). Indeed, the California Penal Code makes it clear that dismissal under Section 1203.4 does not relieve the defendant "of the obligation to disclose the conviction" and, in future prosecutions, the prior conviction "shall have the same effect as if probation had not been granted or the accusation or information dismissed." Cal. Penal Code § 1203.4(a)(1); *see also Baranchik*, 10 Cal. App. 5th at 1225. Mendoza-Grado's malicious prosecution claim thus fails as a matter of law because his plea, service of probation, and dismissal under 1203.4, precludes him from pleading facts establishing a termination of the criminal proceedings in his favor.[6] Because this fatal defect cannot be cured with further amendment, the County's motion to dismiss Mendoza-Grado's malicious prosecution claim is **GRANTED WITHOUT LEAVE TO AMEND**.

## IV. CONCLUSION

For the reasons discussed above, Mendoza-Grado's § 1983 claim is **DISMISSED WITH LEAVE TO AMEND**. Mendoza-Grado's claim for malicious prosecution is **DISMISSED WITHOUT LEAVE TO AMEND**. Within 30 days of this order, Mendoza-Grado may file an

---

offense of which they have been convicted, except as provided in Section 13555 of the Vehicle Code. The probationer shall be informed, in their probation papers, of this right and privilege and the right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing. However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve them of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery Commission.

Cal. Penal Code § 1203.4(a)(1).

[6] Because the claim fails for this reason, the Court does not reach the remaining grounds for dismissal that the County advances in its motion.

7

amended complaint curing the deficiencies discussed in this order and naming the Foster City Police Department as a defendant.  The amended complaint should only name San Mateo County as a Defendant if Mendoza-Grado can, in good faith, allege facts linking the conduct giving rise to his claims to the County.  Mendoza-Grado may not otherwise add new claims, parties, or substantive allegations.

To aid in the preparation of his amended complaint, Mendoza-Grado is encouraged to contact the Federal Pro Bono Project's Help Desk – a free service for pro se litigants – by calling (415) 782-8982 to make an appointment to obtain legal assistance from a licensed attorney.  More information about the program is available online at the Court's website at < https://cand.uscourts.gov/representing-yourself/jdc-legal-help-center-san-francisco-oakland-courthouses >.

**IT IS SO ORDERED.**

Dated: November 3, 2025

_____
**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**